Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARRACUDA NETWORKS, INC., WILLIAM JENKINS, JR., JEFFRY R. ALLEN, MICHAEL D. PERONE, JOHN H. KISPERT, CHET KAPOOR, and STEPHEN P. MULLANEY,<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Stephen Bushansky ("Plaintiff"), individually and on behalf all others similarly situated, by and through his undersigned counsel, alleges the following upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge, as follows:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**NATURE OF THE ACTION**

1.      This is a class action brought on behalf of the public stockholders of Barracuda Networks, Inc. ("Barracuda" or the "Company") against Barracuda and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Barracuda will be acquired by Thoma Bravo, LLC ("Thoma Bravo"), through Project Deep Blue Holdings, LLC ("Newco") and Newco's wholly-owned subsidiary, Project Deep Blue Merger Corp. ("Merger Sub") (the "Proposed Transaction").

2.      On November 27, 2017, Barracuda issued a press release announcing it had entered into an Agreement and Plan of Merger (the "Merger Agreement") to sell Barracuda to Thoma Bravo for $27.55 in cash per Barracuda common share (the "Merger Consideration").  The Proposed Transaction is valued at approximately $1.6 billion.

3.      On December 27, 2017, Barracuda filed a Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Barracuda stockholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning, among other things: (i) Barracuda's financial projections, relied upon by Barracuda's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley; (iii) the background process leading to the Proposed Transaction; and (iv) Morgan Stanley's and Company insiders' potential conflicts of interest.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Barracuda stockholders need such material information in order to cast a fully-informed vote or seek appraisal in connection with the Proposed Transaction.

4.     In short, unless remedied, Barracuda's public stockholders will be forced to make a voting or appraisal decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.     The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Barracuda is incorporated in Delaware and is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Barracuda.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

9.      Defendant Barracuda is a Delaware corporation with its principal executive offices located at 3175 S. Winchester Blvd., Campbell, California 95008.  The Company delivers powerful security and data protection to address security threats, improve network performance and protect and store data.  Barracuda's common stock is traded on the New York Stock Exchange under the ticker symbol "CUDA."

10.     Defendant William Jenkins, Jr. ("Jenkins") has been President, Chief Executive Officer ("CEO"), and a director of the Company since November 2012.

11.     Defendant Jeffry R. Allen ("Allen") has been Lead Independent Director of the Company since September 2013 and a director of the Company since June 2007.

12.     Defendant Michael D. Perone ("Perone") co-founded the Company in 2003 and has been a director of the Company since 2003.

13.     Defendant John H. Kispert ("Kispert") has been a director of the Company since August 2016.

14.     Defendant Chet Kapoor ("Kapoor") has been a director of the Company since April 2017.

15.     Defendant Stephen P. Mullaney ("Mullaney") has been a director of the Company since April 2017.

16.     Defendants Jenkins, Allen, Perone, Kispert, Kapoor and Mullaney are collectively referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

17.     Thoma Bravo is a private equity investment firm with a particular focus on application and infrastructure software and technology enabled services.  Thoma Bravo manages private equity and debt funds representing more than $17.0 billion of capital commitments.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

18.     Newco is a Delaware limited liability company and was formed by an affiliate of Thoma Bravo.

19.     Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Newco and was formed by an affiliate of Thoma Bravo.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Barracuda common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

21.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

22.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of November 22, 2017, there were 53,603,606 shares of Company common stock issued and outstanding.  All members of the Class may be identified from records maintained by Barracuda or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

23.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

(a)     Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

(b)     Whether the Individual Defendants have violated Section 20(a) of the

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Exchange Act; and

(c)     Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

24.     Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

27.     Barracuda designs and delivers security and data protection solutions.  The Company offers cloud-enabled solutions that address security threats, improve network performance, and protect and store data.   Barracuda's platform incorporates subscription-based security and data protection solutions that are connected to its cloud services, which enable continuous software updates, offsite redundancy and distributed capacity.   The Company's solutions are delivered as cloud-enabled appliances and virtual appliances, as well as public cloud and Software-as-a-Service-based solutions.

28.     On July 10, 2017, Barracuda issued a press release announcing the Company's first quarter of fiscal 2018 financial results.  For the quarter, total revenue was $94.2 million, a 9% increase compared to the first quarter of fiscal 2017.  Gross billings were $105.2 million, compared

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

to $98.2 million in the first quarter of fiscal 2017.  Defendant Jenkins commented on the financial results, stating:

> We delivered a strong first quarter exceeding our guidance on both revenue and billings, driven by continued momentum with our email security, public cloud and MSP solutions, which led to 20% core product billings growth year-over-year. We also had strong customer renewals in the quarter that contributed to an annualized renewal rate of 93% and included expanding a multi-year public cloud engagement with a Fortune 500 customer. . . . We are excited by the progress we are making in our core focus areas as a growing number of customers turn to Barracuda for our email security and management, network and application security and data protection solutions. We plan to continue to invest in the growth opportunities we see in the market and provide new easy-to-deploy and manage solutions that help customers navigate the evolving threat landscape safely and affordably.

29.     On October 10, 2017, the Company issued a press release announcing its second quarter of fiscal 2018 financial results.  For the quarter, total revenue increased to $94.3 million, a 7% increase from the second quarter of fiscal 2017.  Gross billings were $108.5 million, compared to $100.3 million in the second quarter of fiscal 2017.  Commenting on the quarter's financial results, defendant Jenkins noted:

> We delivered a strong second quarter achieving core billings growth of 22% year-over-year and gross billings of $108.5 million, which was above our guidance. Our performance was driven by continued traction in the areas of the market where we have been investing, especially email and public cloud security, and we are pleased to see that our efforts are generating stronger top-line results. . . . Excluding non-core billings, we have generated four consecutive quarters of double-digit billings growth. We believe we have the right strategy in place, are focused on the right areas of the market, and provide innovative security solutions that are affordable and consumable in the form that is best suited for our customers' needs.

30.     On November 8, 2017, Barracuda announced it acquired Sonian Inc. ("Sonian"), a leading provider of public cloud archiving and business insights, in order to deepen the Company's cloud archiving, email security and management capabilities, and expand the Company's channel reach.  Defendant Jenkins commented on the acquisition, stating:

> The Sonian platform will enable us to continue to drive differentiation and leadership as customers move to Office 365. Further, we believe there is an opportunity to integrate Sonian's analytics and AI with our data protection portfolio, which

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

combined with our leading security solutions, provides a more complete solution to the market.

**The Sale Process**

31.     Throughout 2015, Barracuda received a series of in-bound inquiries from several private equity firms, including Thoma Bravo.  Notably, defendant Perone and Orlando Bravo, a managing partner at Thoma Bravo, have known each other for years and have discussed the Company from time to time.

32.     In November 2015, Barracuda also held discussions with a financial sponsor, referred to in the Proxy Statement as "Sponsor A."

33.     In February 2016, 24 parties contacted Morgan Stanley expressing interest in a potential acquisition of the Company.

34.     From July 28, 2016 through September 1, 2016, Morgan Stanley contacted 26 parties and received inquiries from two parties.

35.     On September 1, 2016, Barracuda received a first round of acquisition proposals from two financial sponsors, referred to in the Proxy Statement as "Sponsor B" and "Sponsor C." Sponsor B's proposal contained a price range of $23.75-$24.25 per share.  Sponsor C proposed a combination of Barracuda with an affiliated entity of Sponsor C, resulting in Sponsor C's acquisition of 27%-31% of the Company's equity and the Company's stockholders receiving a cash dividend of $8.71-$11.26 per share.

36.     At a September 9, 2016 Board meeting, Morgan Stanley informed the Board that two additional financial sponsors, referred to in the Proxy Statement as "Sponsor D" and "Sponsor E" had submitted proposals with price ranges of $23.00-$24.00 and $23.00-$25.00 per share, respectively.

37.     At an October 14, 2016 Board meeting, the Board determined to terminate the strategic outreach process.

38.     From March through July 2017, Barracuda spoke periodically with various principals at Thoma Bravo regarding market conditions and the Company's outlook.  In mid-June, Orlando Bravo mentioned that Thoma Bravo might offer $26.00 per share to acquire Barracuda.

39.     On July 11, 2017, Barracuda received a proposal from Thoma Bravo, expressing Thoma Bravo's interest in acquiring the Company for $26.00 per share.

40.     From August to October 2017, the parties engaged in various discussions regarding whether Thoma Bravo would submit a new offer for the Company and what the terms of such an offer might be.

41.     On October 12, 2017, Thoma Bravo submitted a revised proposal to acquire the Company for $27.00 per share, with an expiration date of October 16, 2017.   Following negotiations, on November 3, 2017, Thoma Bravo proposed a purchase price of $27.55 per share.

42.     Over the following weeks, the parties and their advisors negotiated the remaining terms of the Merger Agreement and the Proposed Transaction.

43.     On November 26, 2017, Morgan Stanley rendered its fairness opinion to the Board. The parties then finalized and executed the Merger Agreement.

**The Proposed Transaction**

44.     On November 27, 2017, Barracuda issued a press release announcing the Proposed Transaction, which stated, in relevant part:

> CAMPBELL, Calif., Nov. 27, 2017 -- Barracuda Networks, Inc. (NYSE: CUDA), a leading provider of cloud-enabled security and data protection solutions, today announced that it has entered into an agreement to be acquired by leading private equity investment firm Thoma Bravo, LLC. in an all-cash transaction valued at $1.6 billion.
>
> Barracuda shareholders of record will receive $27.55 in cash for each share of Barracuda common stock they hold. This price exceeds Barracuda's 52-week high and represents a premium of 22.5 percent to the Company's 10-day average stock price prior to Nov. 27, 2017, of $22.49. Barracuda's Board of Directors unanimously approved the agreement, and believes the transaction maximizes shareholder value. Upon the close of the transaction, Barracuda will operate as a privately-held

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

company with a continued focus on email security and management, network and application security, and data protection solutions that can be deployed in cloud and hybrid environments.

"We believe the proposed transaction offers an opportunity for us to accelerate our growth with our industry-leading security platform that's purpose-built for highly distributed, diverse cloud and hybrid environments. We will continue Barracuda's tradition of delivering easy-to-use, full-featured solutions that can be deployed in the way that makes sense for our customers," said BJ Jenkins, chief executive officer of Barracuda. "Thoma Bravo has an excellent history of investing in growing security businesses, and this transaction speaks to the value and strength of Barracuda's security platform, which helps customers protect and manage their networks, applications, and data. I expect that our employees, customers, and partners will benefit from this partnership."

"Barracuda is a proven industry leader, consistently bringing powerful, comprehensive solutions to customers in an increasingly prevalent, hostile, and complex threat environment," said Seth Boro, a managing partner at Thoma Bravo. "We believe that Barracuda is at the forefront of innovation in several highly strategic areas of the cybersecurity market and are excited to be the company's partner in the next phase of its growth."

The proposed transaction is expected to close before Barracuda's fiscal year end of Feb. 28, 2018, and is subject to approval by Barracuda's shareholders and regulatory authorities, and the satisfaction of other customary closing conditions.

**Insiders' Interests in the Proposed Transaction**

45.     Thoma Bravo and Barracuda insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Barracuda.

46.     Barracuda insiders stand to reap substantial financial benefits for securing the deal with Thoma Bravo.  Each vested and outstanding Company stock option and restricted stock unit held by the Company's directors and executive officers will be converted into the right to receive cash payments.  The following table summarizes the cash payments the Company's executive officers and directors stand to receive in connection with their equity awards upon consummation of the Proposed Transaction:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| Name | Shares Held (#) | Shares Held ($) | Options (#) | Options ($)(1) | RSUs Held (#) | RSUs Held ($)(2) | Total ($) |
|---|---|---|---|---|---|---|---|
| William D. "BJ" Jenkins, Jr. | 310,952 | 8,566,728 | 800,000 | 10,366,600 | 245,000 | 6,749,750 | 25,683,078 |
| Dustin Driggs | 9,342 | 257,372 | 61,949 | 880,283 | 27,063 | 745,586 | 1,883,241 |
| Erin Hintz | — | — | — | — | 12,500 | 344,375 | 344,375 |
| Diane C. Honda | 8,801 | 242,468 | 55,312 | 755,061 | 26,563 | 731,811 | 1,729,339 |
| Michael D. Hughes | 21,853 | 602,050 | 79,004 | 1,010,552 | 46,875 | 1,291,406 | 2,904,008 |
| Jeffry R. Allen | 138,225 | 3,808,099 | 72,575 | 904,952 | 9,617 | 264,948 | 4,977,999 |
| Chet Kapoor | 3,810 | 104,966 | — | — | 8,023 | 221,033 | 325,999 |
| John H. Kispert | 2,105 | 57,993 | 13,591 | 74,437 | 9,164 | 252,468 | 384,898 |
| Stephen P. Mullaney | 3,703 | 102,018 | — | — | 8,023 | 221,034 | 323,051 |
| Michael D. Perone (3) | 2,348,121 | 64,690,734 | — | — | — | — | 64,690,734 |

47.     Moreover, if they are terminated in connection with the Proposed Transaction, Barracuda's named executive officers stand to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash ($)(1) | Equity ($)(2)(3) | Perquisites/ Benefits ($)(4) | Total ($) |
|---|---|---|---|---|
| William D. "BJ" Jenkins, Jr. | 872,500 | 17,116,350 | 24,948 | 18,013,798 |
| Michael D. Hughes | 300,000 | 2,301,958 | 24,948 | 2,626,906 |
| Michael D. Perone (5) | — | — | — | — |

**The Proxy Statement Contains Material Misstatements or Omissions**

48.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Barracuda's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction or seek appraisal.

49.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Barracuda's financial projections, relied upon by Barracuda's financial advisor Morgan Stanley; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley; (iii) the background process leading to the Proposed

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Transaction; and (iv) Morgan Stanley's and Company insiders' potential conflicts of interest. Accordingly, Barracuda stockholders are being asked to make a voting or appraisal decision in connection with the Proposed Transaction without all material information at their disposal.

***Material Omissions Concerning Barracuda's Financial Projections***

50.     The Proxy Statement is materially deficient because it fails to disclose material information relating to the Company's intrinsic value and prospects going forward.

51.     First, the Proxy Statement omits material information regarding Barracuda management's financial projections and the financial analyses performed by the Company's financial advisor Morgan Stanley.

52.     For example, the Proxy Statement states:

> In performing its discounted cash flow analysis, Morgan Stanley first calculated the Company's estimated unlevered free cash flow, which it defined as EBITDA, less (i) stock-based compensation expense, less (ii) cash taxes, plus (iii) changes in net working capital, less (iv) capital expenditures, for the second half of the fiscal year ending February 28, 2018 and for each of the fiscal years 2019 through 2021 based on the Management Projections and for each of the fiscal years 2022 through 2027 based on extrapolations from the Management Projections based on discussions with and guidance from management.

Proxy Statement at 46.  However, the Proxy Statement fails to disclose the Company's unlevered free cash flows for the second half of the fiscal year ending February 28, 2018 through 2027 and further fails to disclose the line items utilized to calculate the Company's unlevered free cash flows, including: (i) EBITDA; (ii) stock-based compensation expense; (iii) cash taxes; (iv) changes in net working capital; and (iv) capital expenditures.

53.     Also with respect to Barracuda management's projections, the Proxy Statement fails to disclose any details of how Morgan Stanley extrapolated Barracuda's management's projections (referred to in the Proxy Statement as the "Management Projections") utilized in its analyses.

54.     The omission of this information renders the statements in the "Management Projections" and "Fairness Opinion of Morgan Stanley & Co. LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

55.     The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Barracuda's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.  This omitted information, if disclosed, would significantly alter the total mix of information available to Barracuda's stockholders.

56.     With respect to Morgan Stanley's *Public Trading Comparables Analysis*, the Proxy Statement fails to disclose the benchmarking analyses for Barracuda in relation to the target companies and the financial operating characteristics and other factors observed by Morgan Stanley.

57.     With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Proxy Statement fails to include the inputs and assumptions underlying the discount rate of 10.1% used in the analysis.

58.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the Company's unlevered free cash flows for the second half of the fiscal year ending February 28, 2018 through 2027; (ii) the inputs and assumptions underlying the discount rate range of 9.1% to 11.1%; and (iii) the implied terminal multiples resulting from the analysis.

59.     With respect to Morgan Stanley's *Precedent Transactions Analysis*, the Proxy Statement fails to disclose the LTM EBITDA and NTM EBITDA multiples for each target company analyzed by Morgan Stanley.

60.     When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

61.     The omission of this information renders the statements in the "Fairness Opinion of Morgan Stanley & Co. LLC" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background Process of the Proposed Transaction***

62.     The Proxy Statement omits material information relating to the sale process leading up to the Proposed Transaction.

63.     The Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements with any of the strategic parties or financial sponsors involved in the 2016 sale process, and if so, the terms of the confidentiality agreements.

64.     The disclosure of the existence and terms of any confidentiality agreements Barracuda entered into with any other party is crucial to Barracuda stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

65.     The omission of this information renders the statements in the "Background of the Merger; Recommendation of the Board of Directors and Reasons for the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest***

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

66.     Further, the Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Barracuda insiders and Morgan Stanley in acting as the Company's financial advisor.

67.     The Proxy Statement discloses that "Morgan Stanley, its affiliates, directors or officers, *including individuals working with the Company in connection with the Merger, may have committed and may commit in the future to invest in private equity funds managed by Thoma Bravo and its affiliates*."  Proxy Statement at 50.  The Proxy Statement must disclose whether Morgan Stanley individuals who worked with Barracuda did in fact commit to invest in private equity funds managed by Thoma Bravo and its affiliates.

68.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

69.     The Proxy Statement sets forth that at the December 21, 2017 Board meeting, the Board reviewed and provided comments on the content of the Proxy Statement and as part of the review, the members of the Board discussed in more detail the interactions of members of management and the Board with Thoma Bravo, some of which had not been discussed at prior Board meetings.  The Proxy Statement, however, fails to disclose the details of these interactions between Barracuda's management and Board with Thoma Bravo.

70.     In addition, the Proxy Statement states:

> Prior to or following the closing of the Merger (but not prior to Barracuda and Thoma Bravo arriving at the $27.55 Per Share Merger Consideration), certain of our executive officers may have discussions, or may enter into agreements with, Newco or Merger Sub or their respective affiliates regarding employment with, or the right to purchase or participate in the equity of, the Surviving Corporation or one or more of its affiliates.

Proxy Statement at 53.  The Proxy Statement, however, fails to disclose the details of any employment related discussions and negotiations that occurred between Thoma Bravo and

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Barracuda executive officers, including who participated in all such communications, when they occurred, and their content, as well as whether any of Thoma Bravo's prior proposals or indications of interest mentioned management retention or the right to purchase or participate in the equity of, the surviving corporation or one or more of its affiliates.

71.     Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

72.     The omission of this information renders the statements in the "Fairness Opinion of Morgan Stanley & Co. LLC," "Background of the Merger" and "Interests of Barracuda's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

73.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other members of the Class will be unable to make a fully-informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Class Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act
And SEC Rule 14a-9 Promulgated Thereunder**

74.    Plaintiff repeats all previous allegations as if set forth in full.

75.    SEC Rule 14a-9, 17 C.F.R. §240.14a-9, promulgated pursuant to Section 14(a) of the Exchange Act, provides:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

76.    During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

77.    By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants.  The Proxy Statement misrepresented and/or omitted material facts, including material information about the sale process for the Company and the actual intrinsic standalone value of the Company.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

78.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or whether to seek appraisal.  In addition, a reasonable investor would

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1  view a full and accurate disclosure as significantly altering the "total mix" of information made

2  available in the Proxy Statement and in other information reasonably available to stockholders.

3       79.    By reason of the foregoing, the defendants have violated Section 14(a) of the

4  Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

5       80.    Because of the false and misleading statements in the Proxy Statement, Plaintiff and

6  the Class are threatened with irreparable harm, rendering money damages inadequate.   Therefore,

7  injunctive relief is appropriate to ensure defendants' misconduct is corrected.

8

9                                    **COUNT II**

10                 **Class Claims Against the Individual Defendants for**
                   **Violation of Section 20(a) of the Exchange Act**

11      81.    Plaintiff repeats all previous allegations as if set forth in full.

12      82.    The Individual Defendants acted as controlling persons of Barracuda within the

13  meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

14

15  officers or directors of Barracuda and participation in or awareness of the Company's operations or

16  intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC,

17  they had the power to influence and control and did influence and control, directly or indirectly, the

18  decision-making of the Company, including the content and dissemination of the various statements

19
   which Plaintiff contends are false and misleading.
20

21      83.    Each of the Individual Defendants was provided with or had unlimited access to

22  copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to or

23  shortly after these statements were issued and had the ability to prevent the issuance of the

24  statements or cause the statements to be corrected.

25      84.    In particular, each of the Individual Defendants had direct and supervisory

26  involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

27  the power to control or influence the particular transactions giving rise to the securities violations as

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

85.    In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

86.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

87.    Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Barracuda, and against defendants, as follows:

A.    Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Barracuda stockholders;

C.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

1        D.     Awarding Plaintiff the costs of this action, including reasonable allowance for

2   Plaintiff's attorneys' and experts' fees; and

3        E.     Granting such other and further relief as this Court may deem just and proper.

4   <center>**JURY DEMAND**</center>

5        Plaintiff demands a trial by jury on all claims and issues so triable.

6   Dated: January 9, 2018

     **WEISSLAW LLP**
Joel E. Elkins

By: _____

Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone:  310/208-2800
Facsimile:  310/209-2348
     -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff and
the Proposed Class*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS